JONES *v.* CURTIS.

[99 So. 438.  No. 23850.]

(Division B. March 24, 1924.)

1. BILLS AND NOTES. *Partial failure of consideration only defense
   pro tanto to suit by payee.*

   A partial failure of consideration of a promissory note or check
   is only a defense *pro tanto* to a suit thereon by payee.

2. BILLS AND NOTES. *Instruction as to failure of consideration of
   note held erroneous.*

   In a suit by the payee against the maker of a promissory note
   where there is testimony tending to prove that the consideration
   for the note was an agreement by the payee to ship certain
   personal property belonging to tenants moving from the land

of the payee to that of the maker, and it is conceded that a larger part of such property was shipped in accordance with the agreement, it is error to instruct the jury to give the maker credit for the market value of the items of property which the payee agreed to ship, but failed to ship.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Suit by John P. Jones against John Z. Curtis. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Lowrey & Lamb,* for appellant.

Our serious contentions on this appeal are that the instructions given for the defendant are each and all erroneous in that they direct a verdict for the defendant if the property which the plaintiff agreed to ship to the defendant and failed to ship was worth as much as the amount of the check and note. Also that the evidence taken strongest for the defendant did not authorize a verdict for the defendant but at most only authorized a deduction from the face of the note and check, in proportion which the value of the property not shipped bore to the value of the total property which under the agreement was the consideration.

In other words, we contend that under all of the law, statutory and text book and court decisions, a partial failure of consideration on a bill or note does not authorize a verdict for the defendant in a suit on the bill or note but authorizes only a reduction *pro tanto.* This is the rule by the Negotiable Instrument Act, section 28, chapter 244, Act 1916 (H. 2606). Also by the decisions of our our court: *Coulson* v. *Stevens,* 85 So. 83; *Despres, et al.* v. *Hough Drug Co.,* 86 So. 359. Also by the decisions of other courts; *Riddle* v. *Gage* (N. H.), 75 Am. Dec. 151, with note. Also by the text books; 4 A. & E. Ency. of Law, 195; 3 R. C. L. 945. There is no question in this

case that the bulk of the property which the plaintiff, by the testimony of the defendant and his own witnesses, agreed to ship to the defendant, was actually shipped and received and appropriated and used by the defendant and his tenants. The instructions on this are here in hopeless conflict. The reduction must be *pro tanto* which we submit is the law beyond controversy.

Note: No brief filed on behalf of appellee.

Cook, J., delivered the opinion of the court.

This suit was filed in the circuit court of Quitman county by the plaintiff, John P. Jones, against the defendant, John Z. Curtis, on a dishonored check for three hundred dollars and a promissory note for one hundred and forty-five dollars both given by the defendant to the plaintiff on December 27, 1920, as a part of one transaction. The defendant filed a plea of the general issue and a special plea setting up a failure of consideration, and at the trial there was a verdict and judgment for the defendant, from which this appeal was prosecuted.

It appears from the testimony that in the early part of 1920 several negro tenants moved from lands of the appellee in Quitman county to the plantation of the appellant in Leflore county. At the end of the year these tenants desired to return to the plantation of the appellee, and, after some negotiation by telephone and letter, the appellee went to the plantation of the appellant and concluded an arrangement for the return of the tenants. Under the terms of the agreement between the parties, the appellee agreed to pay to the appellant the sum of four hundred forty-five dollars, for which he executed and delivered the check and note sued on, but the testimony is conflicting as to the obligation assumed by the appellant. The testimony for the appellee tended to prove that the consideration for this check and note was the consent of the appellant to the removal of these tenants and all their personal property from his plantation, the release

by the appellant of all his claims against the tenants for supplies furnished or advances made, and the additional agreement that he would transport the goods and effects of these tenants to the railroad station at Sidon, Miss., and load them on a freight car, and also pay for and furnish transportation for the tenants themselves from Sidon to Lambert, Miss. Under the agreement between the parties, the tenants returned to appellee's plantation, and the appellant shipped a large quantity of their goods and effects; but there was testimony for the appellee tending to prove that the appellant failed and refused to furnish transportation for these tenants, and that he failed and refused to ship or release various items of personal property belonging to these tenants.

It is conceded that a large part of the property which the appellant, by the testimony of the appellee and his witnesses, agreed to ship was actually shipped and received by the appellee and his tenants, and, upon the evidence offered, instructions were granted for the plaintiff to the effect that if the jury believed that the consideration for the note and check sued on was the agreement of the plaintiff to ship certain property belonging to the tenants who were moving to the plantation of the defendant, it should deduct from the amount of the note and check only the proportion which the value of the property which he failed to ship bore to the value of the whole property which should have been shipped. For the defendant instructions were granted directing the jury to give the defendant credit for the market value of all items of property which the plaintiff agreed to ship to the defendant, but failed to ship.

Under section 28 of the Negotiable Instruments Act (Hemingway's Code, section 2606), absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is only a defense *pro tanto.* The same rule has been frequently announced in the decisions of this court (*Coulson* v. *Stevens,* 122 Miss. 797, 85 So. 83; *Des-*

*pres, Bridges & Noel* v. *Hough Drug Co.,* 123 Miss. 598, 86 So. 359), and under the most favorable view of the testimony for the defendant it established only a partial failure of consideration. Under this evidence the instructions for the plaintiff announced the correct rule. The verdict of the jury followed the instructions granted to the defendant, and since these instructions are erroneous, and in conflict with the instructions for the plaintiff, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*